## Balis License

*Ronald L. Stockham,* for Commonwealth.

*J. D. White,* for defendant.

BECKERT, J., November 17, 1971.—On June 2, 1971, Chief Chasar of the Springfield Township police department lodged a criminal complaint with Justice of the Peace Clifford P. Whitesell, Bucks County Magisterial District 3-6, Springfield Township, Pa. This complaint charged defendant with violating subsection (a) of section 1002 of The Vehicle Code, as the result of a collision between a vehicle operated by defendant and two other vehicles at Springfield Township, Bucks County, Pa.

The criminal complaint which is a part of the record on certiorari contained the following language: "(2) The acts committed by the accused were: While operating a Ford Truck, Pa. Registration #CH21772 for 1971 at approximately 6:00 P.M., D.S.T., on date shown above, on Rt. 412, Springfield Township, approximately 200 feet South of Slifer Valley Road, and driving North on aforesaid Rt. 412, using Pa. Operator's License No. 10729326 for 1971, he failed to drive his vehicle on a highway at a careful and prudent speed with due regard for conditions then and there existing and at such speed such as would endanger life, limb or property of another person and at a speed greater than that which would permit him to bring his vehicle to a stop within the assured clear distance ahead."

At a hearing held on June 10, 1971, before the said justice of the peace, counsel for defendant moved to dismiss the charge because the complaint failed to specify the speed at which defendant is alleged to have driven and because the complaint did not set forth

that the issuing authority was the nearest available magistrate in Springfield Township. At the hearing, Justice of the Peace Whitesell took judicial notice that he was the only magistrate in Springfield Township and that he was the nearest available magistrate in Springfield Township, the township in which the alleged violation occurred.

The issuing authority held in abeyance his ruling on defendant's motion and subsequently denied the plea for dismissal for the following reasons:

1. The alleged speed could not be demonstrated because none of the witnesses for the Commonwealth were in a position to specify the speed of defendant's vehicle at the exact time the alleged violation occurred.

2. Since the complaint recites that the alleged violation occurred in Springfield Township and since the issuing authority is the only magistrate in Springfield Township, he must be the nearest available justice of the peace.

At the conclusion of the hearing, defendant was found guilty of the offense which is commonly known as "driving too fast for conditions."

On June 16, 1971, counsel for defendant filed a petition for a writ of certiorari. On June 18, 1971, an order returnable July 12, 1971, was granted by this court. Prior to July 12, 1971, the transcript was filed by the justice of the peace. Subsequent thereto, defendant's counsel filed exceptions on certiorari, briefs and an order placing the matter on the argument list.

While defense counsel's exceptions raise at least three questions, we do not feel obliged to enumerate the questions herein, as a decision on the first question hereinafter set forth resolves the entire matter now before us. The question for resolution is: Should defendant's conviction of violating section 1002 (a) of The

Vehicle Code be set aside on certiorari on the ground that the information does not particularize or estimate the speed at which defendant was driving?

The offense charged is based upon subsection (a) of section 1002 of The Vehicle Code, 75 PS §1002(a), which reads as follows:

"(a) Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic surface, and width of the highway, and of any other restrictions or conditions then and there existing; and no person shall drive any vehicle, upon a highway at such a speed as to endanger the life, limb, or property of any person, nor at a speed greater than will permit him to bring the vehicle to a stop within the assured clear distance ahead."

Subsection (e) of section 1002 provides:

"(e) In every information charging violation of this section, reference shall be made to this section and subsection alleged to have been violated, specifying the speed at which the defendant is alleged to have driven."

The narrow subissue to be resolved is whether the requirement of subsection (e), supra, relating to the specification of defendant's speed, applies to prosecution under subsection (a) of section 1002. While our research has failed to reveal any Pennsylvania appellate authority on this point, the issue has been discussed in numerous decisions resulting in two opposing and different interpretations being placed upon section 1002(e) of The Vehicle Code by the Common Pleas Courts of Pennsylvania.

One line of authority holds that an information, which charges a defendant with operating a motor vehicle "too fast for conditions" under section 1002(a) of The Vehicle Code, is not fatally defective if it fails to specify the speed at which defendant operated his

vehicle. This line of decisions also holds that subsection 1002(e) is not applicable to subsection 1002(a) of The Vehicle Code. Among these decisions are: Commonwealth v. Bowman, 39 D. & C. 2d 138, 1966, Mercer County; Commonwealth v. Forrest, 55 Lanc. Rev. 259 (1957); Commonwealth v. Hazy, 66 D. & C. 451, 1949, Montgomery County; Commonwealth v. Feyka, 62 D. & C. 353, 1947, Beaver County; Commonwealth v. Weber, 33 D. & C. 488, 1938, Lancaster County.

In Commonwealth v. Hazy, supra, President Judge Knight, on page 452, concluded that subsection (e) relating to the specification of defendant's speed, is inapplicable to prosecutions under section 1002(a) of The Vehicle Code, reasoning that:

"In such cases it would be almost impossible to fix, with any degree of accuracy, the speed of a motor vehicle except by the general statement, 'too fast for conditions.' There may be a thick fog, and a driver proceeding at a slow speed and yet too fast to stop within the assured clear distance ahead, collides with another vehicle. The mere fact that such an accident happened would be enough to draw an inference that the driver was proceeding at a speed too fast for conditions. On icy streets, in thick traffic, and in other situations a driver may be proceeding too fast for conditions, and yet it would be impossible to fix the rate of speed, and how, under such circumstances, could the speed be ascertained by the methods prescribed in subsection D of section 1002?

"We do not think the legislature ever intended such a result. We are of the opinion that subsection E, so far as it requires the information to specify the speed at which defendant is alleged to have driven, does not apply to subsection A."

Similarly, President Judge McKay, in Commonwealth v. Bowman, supra, concurs, at pages 141-143, in Judge

Knight's belief that subsection (e) of section 1002 of The Vehicle Code does not apply to subsection (a) thereof, primarily because the language of (a) is very general regarding speed, while the language of subsections (b) and (d) are quite specific concerning the speed at which a defendant's vehicle has been traveling. President Judge McKay concludes his remarks in Bowman by stating that:

". . . To hold that subsection (e) applies to situations of this sort would be to render a prosecution under subsection (a) ordinarily impossible, and would make the effort of the legislature to proscribe that type of driving ridiculous. It is not to be presumed that the legislature, whatever the language it uses, intended to forbid certain conduct as unlawful, attach a penalty to it, and then make it impossible for anyone to prove that the section was violated.

"It is more likely that the attention of the legislature was not directed to the incongruity of its comprehensive language at subsection (e), and that it merely overlooked excepting subsection (a) from the provisions of the former subsection. Further, if subsection (e) were taken literally, the prosecutor, in order to meet the requirements of the act, would guess at a speed in framing his information and would later be unable to prove it, this under a subsection, and the only subsection where any specified rate of speed is not essential to the commission of the offense."

On the other hand, we find a line of lower court cases whose reasoning we find persuasive, adopting it in this opinion, supporting the proposition that the provisions of subsection (e) necessarily apply to all of the subsections of section 1002, including section (a), and that the failure to specify or estimate the speed in the information charging a violation of section 1002(a) will render that information fatally defective. These

cases include: Commonwealth v. Dobrinoff, 44 D. & C. 2d 679, 1968, Dauphin County; Commonwealth v. Fish, 15 D. & C. 2d 360, 1957, Columbia County; Commonwealth v. Reese, 1 D. & C. 2d 741, 1954, Northampton County; Commonwealth v. Stroh, 71 D. & C. 378, 1950, Lycoming County; Commonwealth v. Fry, 65 D. & C. 551, 1948, Franklin County.

In Commonwealth v. Fry, supra, at pp. 552-553, President Judge Wingerd, of Franklin County, in quashing an information for its failure to set forth the speed at which defendant had been traveling, stated:

"[Subsection (e)] very clearly states that the speed at which defendant is alleged to have driven must be set forth in every information charging violation of this section. The only section that it could possibly refer to is section 1002. . . .

". . . [W]e cannot see how the statute can properly be interpreted in a way directly contrary to the express meaning of the words used, according to their common and approved usage, which is in no sense uncertain or ambiguous: Statutory Construction Act of May 28, 1937, P. L. 1019, art. IV, sec. 51, 46 PS §551, art. III, sec. 33, 46 PS §533."

We feel compelled to concur in President Judge Wingerd's reasoning for several reasons. First, since the charge against defendant is criminal in nature, the language of the statute must be strictly construed. Close analysis of the language of subsection (e) of section 1002 leads persuasively to the conclusion that "this section" can only refer to section 1002 of The Vehicle Code in its entirety.

When language employed in a statute may reasonably admit of more than one interpretation, then the courts must attempt to ascertain the intention of the legislature in using its chosen language. However, when the language employed is neither uncertain nor

patently nor latently ambiguous, then the court's task is simply to attribute the common parlance or approved usage to the wording involved. In Commonwealth v. Bowman, supra, President Judge McKay has attempted to construe the language of the legislature so that an irrational result will be avoided. In order to achieve his desired result, however, he has ignored the plain meaning rule of statutory interpretation by casting aside the time honored reasoning that the language of a criminal statute must be strictly construed. By doing so, he has twisted unambiguous language to the point that he has rendered sections 1001 and 1002 (a) of The Vehicle Code virtually identical offenses.

Second, President Judge Wingerd impliedly agreed with this latter assertion when he stated at page 555 of Commonwealth v. Fry, supra, that:

". . . Many of the cases where it would be practically impossible to allege the speed at which defendant was traveling when he was driving in a manner which was in disregard of the rights of others, or in a manner so as to endanger any person or property, can be prosecuted under section 1001(a), which is headed, 'Reckless Driving.' "

In the case at bar, when the complainant realized that it would be practically impossible to allege the speed at which defendant was traveling, the charge of "reckless driving," §1001 of The Vehicle Code, could have been brought against defendant. However, when Chief Chasar chose to prosecute defendant for violating §1002(a) of the code, he must include at least an estimate of defendant's speed, which we believe notwithstanding the heretofore cited contrary authority, represents the gravamen of the offense.

In support of our conclusion, Judge Laub, in Commonwealth v. Senger, 45 Erie L. J. 35 (1960), has stated:

"The offense known as 'Driving Too Fast For Conditions' appears in subsection (a) of §1002 of the Code, and therefore is one of those falling within the compass of subsection (e) quoted above. We are not concerned with the reason why the legislature saw fit to insert subsection (e) in §1002, but only with the circumstance of its presence there. Whether it was intended to apply only to those subsections dealing with measured speeds, as suggested by the district attorney, is not for us to decide, since the language of subsection (e) is clear and unambiguous. If an officer intends to charge a motorist with a violation of subsection (a) and has not measured his speed in some manner, he must give at least his estimate of such speed in the information. . . ."

Since the issue hereinbefore discussed has been resolved in defendant's favor, we deem it unnecessary to consider the remaining two questions presented.

### ORDER

And now, November 17, 1971, defendant's exception to the record of the justice of the peace is sustained and the judgment finding defendant guilty of the summary offense charged is set aside and vacated.